By the Court.
It appears in this case that in the trial of an action in the court of common pleas of this county before the defendant and a jury, in which the relator was plaintiff and Marshall Fulton was defendant, a judgment was rendered against the relator; that a motion for a new trial was duly filed, and was overruled on the 9th day of November, 1892, being at the same term of the court at which the judgment was rendered; that on the *160 29fch day of Decembei, 1892, a bill of exceptions was presented to the defendant, and he endorsed thereon an extension of ten days for the allowance and signing of the same; that on the same day this bill of exceptions was left at the office of the attorneys of Fulton for their examination, and that prior to January 3, 1893, said attorneys examined the same and found it to be a true bill of exceptions; that on said last named day the relator presented the same to the defendant for allowance and signing, and that on the 6th day of January, 1893, the defendant refused to allow and sign the same, and thereupon this suit was instituted. No claim is made by the defendant that the bill if exceptions is not a true bill of exceptions of what took place at the trial and upon the overruling of the motion for a new trial; but it is claimed that the bill of exceptions not having been presented to the attorneys for Fulton for examination ten days before the expiration of fifty days from the date of overruling the motion for a new trial, nor to the defendant for his signature five days before the expiration of said fifty days, the defendant is not authorized by law to sign fhe same, notwithstanding the extension of time granted by him and endorsed upon said bill of exceptions, and that the same was presented to the attorneys for said Fulton ten days, and to the defendant five days before the expiration of the time as so extended. If the answer of the defendant fails to show a sufficient cause for his refusal to sign the bill of exceptions presented to him and filed in this oase, or if it shows that the act required of him is purely ministerial in its character, the relator is entitled to the peremptory writ prayed for. State ex rel. v. Hawes, 43 Ohio St. 16.
The question presented is whether the bill of exceptions was presented to opposing counsel and to the defendant within the time prescribed by the statute for allowing and signing the same, and requires for its determination an examination and construction of the act of March 22, 1892, amending sections 5298, 5301 and 5302 (89 O. L. 124).
*161 Section 5298 reads ás follows : “ The party objecting to the decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not more than fifty days beyond the date of the overruling of the motion for a new trial, or from such decision by the court when a motion for a new trial is not necessary.”
Section 5301, or so much of it as is important to consider in this case, isas follows : “When the decision is not entered on the record, or the grounds of the objection do not sufficiently appear in the entry, or the exception is to the decision of the court on a motion to direct a non-suit, or to arrest the testimony from the jury, or for a new trial for misdirection by the court to the jury, or because the verdict, or if a jury is waived, the finding of the court is> against the.law and the evidence, or on the admission or rejection of evidence, the party excepting must reduce his exceptions to writing, and present the same to the trial judge or judges for allowance within fifty days after the overruling of the motion for a new trial, or the decision of the court where a motion for a new trial is not necessary.”
Section 5302,, so far as its provisions, relate to the question here presented, reads as follows: “ If the exception be not true, then after it is corrected, the trial judge, or a majority of the judges composing the trial court, must allow and sign it before the case proceeds, or if the party excepting consents, within fifty days after the overruling of the motion for a new trial or the decision of the court when a motion for a new trial is not necessary. * * *• Provided, that where exceptions are not allowed and signed during the progress of the trial, the party excepting shall submit the bill of exceptions to the opposite counsel for examination not less than ten days before the expiration of said fifty days * * * and the same shall be submitted to the trial judge or judges for his or their signature, not less than five days before the expiration of said fifty days. Provided further, that the trial judge or judges may at his or their discretion extend the time for sign *162 ing §uch bill of exceptions for a period not exceeding ten, days beyond the expiration of said fifty days, which extension must be indorsed on the bill of exceptions by said trial judge or judges.”
The proviso in section 5302 relating to the submission- of the bill of exceptions to opposite counsel and to the trial judge or judges a certain number of days before the expiration of the time given to reduce the exception to writing, was first incorporated in this statute by the act of April 15, 1890, (87 O. L. 206), which act also provided for the first time in this-state for an extension of the time by an endorsement on the bill by the trial judge or judges. The purpose and object of this proviso as set forth in the statute is that opposite counsel may have an opportunity to examine the same, and .we-can understand why this is a reasonable provision, for counsel ought to have time to examine the bill so that they may advise the trial court of their objections thereto, if they have any. So far as the trial court is concerned, it says only that it shall be submitted for signature within the time prescribed; but as it is provided in this section that the trial judge or judges shall allow aud sign the same when true, and if not true after it is corrected, it is apparent that this five days is provided in order that the trial judge may have time within which to determine as to the correctness of the bill, and have any corrections necessary to be made, made within the time provided for allowing and signing the same. It the case of Sedam v. Meeksback, 6 O. C. C. R. 219, it- was held that “ these provisions of the statute seem to be mandatory,” but the court declines to express an opinion upon the effect of a failure by a party to comply with them. In the ease of Heddleson v. Hendricks, 27 W. L. B. 247 (49 Ohio St. —), it was held that where the record disclosed that the bill of exceptions having been examined and found true and correct, was allowed, signed, filed and ordered to be made part of the record, and the bill of exceptions appeared on its face to have been allowed: and signed by the judges within the statutory time, evidence *163 aliunde tending to show that these requirements of the statute had not been complied with would not be received to impeach the record. Admitting that under these decisions, which are the only ones relating to these new provisions, the defendant would be justified in refusing to sign the bill of exceptions, if they were not complied with, although we are not fully satisfied that they would justify such refusal, it remains to consider the last proviso in this section, and the effect to be given to it. It is claimed on behalf of the defendant that as by the express terms of the statute, the bill ‘of exceptions must be presented “to opposite counsel for examination not less than ten days before the expiration or' said fifty days,” and to the trial judge or judges “ for his or their signature not less than five days before the expiration of said fifty days,” and the extension of time provided for is within the discretion of the trial judge or judges, and is only “ for signing the bill” when the-fifty days have' expired without submission of the bill to opposite counsel, that requirement of the statute cannot be complied with, and therefore the trial judge cannot thereafter sign, and allow the bill of exceptions, unless opposite counsel consent. ■ And it is argued that the trial judge in this ease might have limited the extension to one or two days, and then in a case like thfe present, it would have been impossible to submit the bill to opposite counsel ten days before the expiration of the time as extended. It is not necessary to decide in this case the effect of such an act on the part of the court, for here the extension was ample to enable the relator to comply with the terms of the statute, if the extension of time granted can be regarded as part of the time allowed for perfecting the bill of exceptions. "We think the claim of defendant requires us to take too narrow a view of this statute and not warranted by an examination of all its provisions-. These statutes are in pari materia, and should be construed together; their object is to provide a( certain and sure method whereby a party excepting to the decision of a court may bring in review upon error that decision, and in the construe *164 tion of any of their provisions the court should look to all the provisions and so give effect to the one under consideration that all may stand and accomplish the result designed by the legislature in their enactment. An illustration of the result of the argument of counsel for defendant will show, we think, how it would defeat the object of the statute. Section 5302 provides that the bill of exceptions, if true, shall be allowed and signed, and that an entry of its allowance and signing shall be entered upon the journal. That the allowance of the bill is as necessary as its signing to enable the reviewing court to pass upon the correctness of the judgment has been held in Hill v. Bassett, 27 Ohio St. 597; Burk v. R. R., 26 Ohio St. 643; Heffner v. Moyst, 40 Ohio St. 112, and R. R. v. Kirchner, 6 O. C. C. R. 211. But according to the argument of counsel for defendant, the trial judge or judges may extend the time beyond the fifty days, and then sign, but refuse to allow the bill because the fifty days have expired. This would defeat the manifest intention of the legislature in the enactment of this proviso. Again, by section 5298, a party excepting- is allowed fifty days to reduce his exception to writing, and yet, according to the argument of counsel for defendant, by section 5302 he must reduce it to writing in forty days, thus by one section depriving him of what another section has expressly given him. But as we view these statutes, effect can be given to all their provisions, and the rights sought to be'secured thereby protected, and yet give to all their provisions the meaning intended by the legislature. By these statutes a party taking an exception may have the same reduced to writing at the time, or he may have fifty days in which to reduce the same to writing, and by force of the statute he is entitled to fifty days if no order is made in regard thereto; in the discretion of the trial judge or judges this time may be extended beyond the fifty days, and when so extended it operates asan extension for allpurposesof perfectingthebill according to the statute, for presentation to the opposite counsel, to the trial judge or judges, for the allowance and signing the *165 same and for the entry of such allowance and signing upon the journal. We think the principles announced in the case of State ex rel. v. Hawes, 43 Ohio St. 16, sustain our views in this case. At that time (1884), section 5298 provided that the exceptions must be reduced to writing during the term at which the decision was made. Section 5302 provided that a majority of the judges composing the court, with the consent of the party excepting, should sign the exceptions within thirty days after the term, and Johnson, J. said (p. 23), that the effect of this section was to extend the time for the performance of this duty thirty days after the term, with the consent of the exceptor, and in that case it appeared that the bill of exceptions was neither réduced to writing nor presented to the trial judge until after the close of the trial term.
Chas. 8. Gherrington, for relator.
Harrison, Olds'& Henderson, for defendant.
It follows that the relator is entitled to the peremptory writ as prayed for, and the same will be awarded.